OPINION
{¶ 1} Defendant-appellant Heather Peters appeals her sentence in Belmont County Court, Western Division of R.C. 959.13(A)(1). For the reasons stated below, the sentence is affirmed and the appeal is dismissed for failure to preserve the issues for appeal.
 STATEMENT OF THE CASE {¶ 2} This is appellant's second appeal from her conviction in case number 01-CRB-612 in Belmont County Court, Western Division, of violating R.C. 959.14(A)(1). In the first appeal appellant raised a manifest weight of the evidence argument. The trial court stayed the sentenced pending appeal. We sustained the argument and affirmed the conviction. State v. Peters, 7th Dist. No. 01 BA 57, 2002-Ohio-6094 (see opinion for facts underlying conviction). After issuance of that opinion, the trial court issued an order for appellant to appear for reimposition of the sentence. A hearing was held on December 3, 2002. At this hearing, the state relied on the arguments it made at the original sentencing hearing. However, appellant, appellant's father, appellant's husband, and Mr. Calovine offered testimony for leniency. Despite all of this, the trial court reimposed the same exact sentence that was issued at the previous sentencing hearing and issued a judgment entry to that effect. 12/3/02 J.E. Appellant now files a second appeal from the same conviction. However, she is now raising sentencing issues. The trial court granted appellant a stay of execution pending this appeal.
 ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO {¶ 3} "The Trial Court Erred And Abused Its Discretion By Imposing A Term Of Imprisonment For A Misdemeanor Offense Without Full Consideration Of The Factors Mandated In R.C. 2929.22."
 {¶ 4} "The Trial Court Erred By Imposing A Fine Which Exceeded The Defendant's Ability To Pay And Was Within A Time Which Would Create An Undue Hardship To The Defendant Or The Defendant's Dependents, In Violation Of R.C. 2929.22(F)."
 {¶ 5} Under these assignments of error, appellant argues that the trial court abused its discretion in ordering jail time and a fine. However, we decline to address the merits of this appeal. The sentence in the original sentencing journal is the same as the sentence in the reimposition of sentence journal entry.[1] Therefore, any alleged sentencing error could have and should have been raised in the initial direct appeal. It appears that appellant was aware, in the initial appeal, of her right to appeal the sentence. The notice of the appeal filed in that appeal states that she is appealing from the "Opinion and Decision entered in this matter on October 15, 2001, and the Sentencing Order of October 23, 2001." However, appellant did not raise any sentencing errors in that appeal, but instead waited until this court affirmed the original conviction and the trial court reimposed the sentence before appealing the alleged sentencing errors.
 {¶ 6} In the interest of judicial economy, appellant was required to raise any sentencing error in the initial direct appeal. The trial court's order staying imposition of the sentence pending appeal did not affect the right of appellant to raise any alleged sentencing error in that first appeal. The sentence was in effect at the time of the first appeal and, therefore, any issues regarding this sentence were ripe for appeal at that time. As we have previously stated, "Any issues as to the sentence could have, and should have, been raised in the appeal already decided by this court." State v. Funkhouser (June 2, 2003), 7th Dist. 03 BE 25, J.E. (appealing a reimposition of a sentence). Therefore, appellant waives the right to appeal in a second direct appeal all issues that could have and should have been raised in the previous appeal.
 {¶ 7} For the foregoing reasons, the sentence is hereby affirmed and this appeal is dismissed since any alleged error should have been raised in the initial appeal. Failure to raise those alleged errors resulted in waiver of those issues.
Waite, P.J., and Donofrio, J., concur.
[1] Appellant was sentenced to 90 days in jail with 60 days suspended on the condition that she pay a fine of $250, plus costs, pay $101 in restitution, not own or keep any domestic animal; do not violate any laws of the State of Ohio or any Municipality for 2 years, and supervised probation for 2 years. The only difference between the sentences is that the amount of costs in the reimposition of sentence journal entry is a higher amount. This would be due the additional hearing and court filings. However, her assignments of error do not raise an issue with costs, just with the fine and the jail sentence.